UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wesco Distribution, Inc.,                                           Civil No. 12-2152 (DWF/LIB)

           Plaintiff,

v.                                                      **TEMPORARY**
                                                    **RESTRAINING ORDER**

Jerry Vittorio,

           Defendant.

      This matter came before the Court on September 4, 2012, on the motion of Plaintiff, WESCO Distribution, Inc., for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure (Doc. No. 3.) Joseph G. Schmitt and Katie M. Connolly of Nilan Johnson Lewis, P.A. appeared on behalf of Plaintiff; Defendant Jerry Vittorio made no appearance. For the reasons stated on the record at the hearing on this matter, as well as the reasons set forth below, the Court grants Plaintiff's motion.

      Under Eighth Circuit precedent, a temporary restraining order may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm absent the restraining order; (3) that the balance of harms favors the movant; and (4) that the public interest favors the movant. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condominium Project*, 877 F.2d 707, 708 (8th Cir. 1989). In each case, the factors must be balanced to determine whether they tilt

toward or away from granting injunctive relief.  *See West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).  The party requesting the injunctive relief bears the "complete burden" of proving all of the factors listed above.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

The Court, having considered the Complaint, Memorandum(s) of Law, Affidavit(s) and attached exhibit(s), and accompanying documents, and having heard the arguments of Plaintiff's counsel, finds Plaintiff has demonstrated that there exists a threat of irreparable harm to Plaintiff's goodwill and confidential information if an injunction does not issue; that the balance of harms favors granting Plaintiff's motion because the risk to Plaintiff's relationships and information outweighs the potential harm to Defendant; that Plaintiff is likely to succeed on its breach of contract and misappropriation of confidential information claims, and that the public interest weighs in favor of enforcing the Agreement, which is a valid contract.  Therefore, the Court issues the following:

**ORDER**

1.  Plaintiff WESCO Distribution, Inc.'s Motion for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure (Doc. [No. 3]) is **GRANTED**.

2.  Until a hearing on a preliminary injunction in this matter, Defendant Jerry Vittorio is hereby enjoined from:

    a.  directly or indirectly using or disclosing any of WESCO's Confidential Information as that term is defined in Mr. Vittorio's

Confidentiality, Non-Disclosure and Non-Compete Agreement (the "Agreement"), or otherwise violating paragraph 2 of the Agreement;

      b.    directly or indirectly working in a sales or quotation capacity for Great Lakes or any other Competitor, as that term is defined in the Agreement, within the Restricted Territory, as that term is defined in the Agreement, selling or servicing products of the type for which he had responsibility while employed by WESCO, or otherwise violating paragraph 3(a) of the Agreement;

      c.    directly or indirectly soliciting or seeking the business of any customer of WESCO with whom he dealt or solicited or for which he had any authority or responsibility while he was employed by WESCO, for the two years prior to his resignation, for the purpose of selling products and services of the type for which Employee had responsibility while employed by WESCO, or otherwise violating paragraph 3(c) of the Agreement; and

      d.    interfering with, disrupting, or attempting to disrupt relationships, contractual or otherwise, between WESCO and its vendors, suppliers, and customers, or otherwise violating paragraph 3(d) of the Agreement.

3.    Mr. Vittorio is further ordered to return all materials embodying any WESCO confidential information, and to preserve his home or personal computer[s], including any and all other electronic storage devices, such as external hard drives, thumb

drives, etc., and to refrain from deleting or destroying any documents and/or e-mail on such devices related in any way to WESCO.

4. Plaintiff shall post cash or bond of $10,000 with the Clerk of Court pursuant to Federal Rule of Civil Procedure 65 within three (3) business days of this order.

5. Consistent with the Court's remarks at the hearing on this matter, the parties shall appear for a telephonic status conference on Wednesday, September 12, 2012 at 4:00 p.m.

6. A preliminary injunction hearing will be held on Thursday, September 20, 2012 at 2:00 p.m. before the Honorable Donovan W. Frank, Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, Saint Paul, Minnesota.

7. Plaintiffs shall serve a copy of this order upon Great Lakes Electrical Equipment Company and Mr. Vittorio.

8. This order is effective immediately.

Dated: September 4, 2012         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge